The Honorable David Beatty State Representative Post Office Box 640 Lewisville, Arkansas 71845-0640
Dear Representative Beatty:
This is in response to your request for an opinion concerning the following questions:
 1. Are counties required to use funds in their "Public Defender Fund" only for public defender expenses, or may the funds be used for other purposes?
 2. Is a county's obligation to pay public defender expenses pursuant to Act 1341 of 1997 limited to the county's fifteen percent share of court costs or must the county provide additional funds if the court costs are inadequate?
In my opinion, the monies that were allocated to the public defender fund from the County Administration of Justice Fund, but were unused, must be used to help pay the cost of the other agencies or programs funded by the County Administration of Justice Fund. See Op. Att'y Gen. 97-185 (copy enclosed). It is also my opinion that the county must provide additional funds to pay the mandatory expenses of the public defender's office if the funds in the County Administration of Justice Fund are not sufficient.
The issue raised by your first question was recently addressed in Opinion No. 97-185. Under A.C.A. § 16-10-307 (Supp. 1997), the County Administration of Justice Fund is to be used to fund the following programs and agencies:
(1) The prosecuting attorney fund;
(2) The prosecuting attorney's victim-witness program fund;
 (3) The public defender/indigent defense fund and public defender investigator fund;
(4) The county law library fund;
(5) The county jail fund; and
(6) The intoxication detection equipment fund.
See A.C.A. § 16-10-307(b).[1] In Opinion No. 97-185, this office opined that any monies that were allocated to the public defender and investigators from the County Administration of Justice Fund, but were unused, must be used to help pay the cost of the other agencies or programs, and that these monies from the County Administration of Justice Fund may not be set aside exclusively for the public defender and investigators.
With regard to your second question, a county may retain a portion of the uniform court costs and filing fees collected and deposited into the County Administration of Justice Fund. A.C.A. § 16-10-602 (Supp. 1997). The county must, however, forward all sums in excess of the amount authorized to be retained to the Department of Finance and Administration for deposit in the State Administration of Justice Fund. A.C.A. §16-10-602; A.C.A. § 16-10-307. The formula for determining how much the county may retain in its County Administration of Justice Fund is set forth in A.C.A. § 16-10-307(c). For the calendar year beginning January 1, 1998, the base amount to be retained by the county is to be reduced "by eighty-five percent (85%) of the total dollar amount which was certified by the county as having been collected during calendar year 1994 and for the purpose of funding the office and operation of the public defender and public defender investigator." A.C.A. §16-10-307(c)(2)(B). It is my understanding that your reference to "their fifteen percent share of court costs" refers to the amount of court costs to be retained by the county in the County Administration of Justice Fund.
One of the purposes of Act 1341 of 1997 is to begin to phase in the responsibility of the funding of a part of the state trial court system from county government to the state. Act 1341 of 1997, § 1. Effective January 1, 1998, the Arkansas Public Defender Commission is responsible for the salaries of public defenders and certain support staff; however, section 12 of Act 1341 provides in part:
 (b) Effective January 1, 1998, each county of counties within a judicial district shall be responsible for the payment of the following:
 (1) the cost of facilities, equipment, supplies, and other office expenses of the public defender's office; and
 (2) the compensation of additional personnel within the office of the public defender, when approved in advance by the quorum court.
It has come to our attention that the amount of the foregoing expenses that a county is mandated to pay is currently the subject of litigation in the Circuit Court of Craighead County. It is a long-standing policy of this office not to issue legal opinions on matters that are pending before the courts for determination. Such matters are properly decided by the judiciary; commentary from any of the other branches of government would present a threat to the constitutional principle of separation of powers.
It is, however, my opinion that the county must provide additional funds to pay the mandatory expenses of the public defender's office if the funds in the County Administration of Justice Fund are not sufficient. The County Administration of Justice Fund was intended only to defray a part of the expenses of the administration of justice in the county. See
A.C.A. § 16-10-307(b). Further, this office has opined that the amount set forth in § 16-10-307 is a floor for spending, rather than a ceiling. Op. Att'y Gen. 95-254 (copy enclosed).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Warren T. Readnour.
Sincerely,
WINSTON BRYANT Attorney General
WB:WTR/cyh
[1] I assume that the reference to a county's public defender fund in your first question refers to monies that were allocated to the public defender from the County Administration of Justice Fund. If, however, you are referring to a county indigent defense fund established pursuant to Act 1193 of 1993 (A.C.A. § 14-20-102), a quorum court may use excess monies from such a fund only for the purpose of defraying the cost of the juvenile division of chancery court or defraying the cost of medical and dental care for specified individuals. See A.C.A. § 14-20-102; Op. Att'y Gen. 96-154.